**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE FOSS, | Case No. **'16CV1458 CAB BGS** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| NAVIENT SOLUTIONS, INC. and DOES 1-10, inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

1. ROSALIE FOSS ("Plaintiff") brings this action against NAVIENT SOLUTIONS, INC. ("Defendant"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.§ 227 *et. seq*.

## JURISDICTION AND VENUE

**COMPLAINT**
-1-

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Venue Is Proper In the Southern District of California as Plaintiff received telephone calls from Defendant while she was in San Diego County;

5. Fed. R. Civ. P. 1391(c)(2) provides:

> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business;

6. Further, Fed. R. Civ. P. 1391(d) provides:

> (d) Residency of Corporations in States With Multiple Districts.— For purposes of venue under this chapter, in a State

which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

7. Thus, pursuant to Fed. R. Civ. P. 1391(d), Defendant will be deemed to reside in the Southern District of California, thus making venue proper here, should Defendant have the proper and necessary contact within the state and district where the action is filed.

## PARTIES

8. Plaintiff is an individual residing in Bradford, Rhode Island, and in this Judicial District.

9. Defendant is a national consumer lending association with a whose principal purpose includes collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due. Defendant regularly uses the telephone and the mail to engage in the

**COMPLAINT**
-3-

business of collecting debt in several states including Rhode Island and California.

10.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect debts alleged to be due another and Defendant is a debt collector.

11.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

12.     Since approximately June 2015, and specifically within one year prior to the filing of this action, Defendant contacted Plaintiff to collect an alleged debt.

13.     Upon information and belief, Plaintiff's alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  The

debt at issue belongs not to Plaintiff, but to her son, and Plaintiff is not a co-signor, co-borrower or otherwise legally obligated to repay the alleged debt.

14. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (302) 261-5793. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, the forgoing telephone number for the purpose of collecting the alleged debt.

15. Defendant placed telephone calls to Plaintiff's cellular telephone in July 2015 while she was in San Diego County.

16. Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number ending in 8273.

17. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly, often calling on a near-daily basis.

18. On countless occasions, including the first week of July 2015, Plaintiff informed Defendant that she was not responsible for paying the alleged debt and demanded that Defendant cease placing its scores of automated collection calls to her cellular telephone.

19. Despite informing Defendant that she was not responsible for the alleged debt and that Defendant was to cease placing calls to her, Defendant

has never ceased placing its calls.  In fact, Defendant continues to place its calls nearly one year later. In all, Defendant has placed HUNDREDS of automated collection calls to Plaintiff's cellular telephone after being told to cease.

20.   At all times relevant to this action, while conducting business in Rhode Island, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21.   At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22.   Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number HUNDREDS of times using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial

such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On countless occasions, Plaintiff revoked consent by answering Defendant's calls, and demanding that Defendant's calls cease.

25. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Defendant is not a tax exempt nonprofit organization

27. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

### FIRST CAUSE OF ACTION
**(Violations of the TCPA, U.S.C. § 227)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

　　a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

　　b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31.  Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a)  An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

b)  As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

c)  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each

and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

    d)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    e)    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: June 13, 2016        **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager
Nicholas J. Bontrager
*Attorney for Plaintiff*