1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE FOSS,<br><br>                               Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC. and<br>DOES 1-10,<br><br>                               Defendant. | Case No.:  3:16-cv-1458-CAB(BGS)<br><br>**DISMISSAL WITHOUT PREJUDICE** |

The complaint in this action was filed on April 11, 2016 alleging violations of the Telephone Consumer Protection Act ("TCPA").  On September 7, 2016, the Court issued an order to show cause why this case should not be dismissed for lack of jurisdiction. [Doc. No. 6.]  On September 21, 2016, Plaintiff filed a response to the Order to Show Cause.  [Doc. No. 7.]

To bring a suit in federal court a plaintiff must fulfill the Article III standing requirements. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 473 (1982).  Because Article III standing is constitutional, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540, 1547 (2016).

1

1    Article III standing requires that: "(1) at least one named plaintiff suffered an

2    injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the

3    injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*,

4    504 U.S. 555, 560-61 (1992) (quotation marks and citation omitted).  As the party

5    invoking federal jurisdiction, Plaintiff bears the burden of establishing these elements.

6    *Spokeo,* 136 S. Ct. at 1547.  At the pleadings stage, this means Plaintiff must "clearly . . .

7    allege facts demonstrating" each element of Article III standing.  *Id.*

8    To satisfy the injury-in-fact element of Article III standing, a plaintiff must show

9    that he/she "suffered an invasion of a legally protected interest that is 'concrete and

10   particularized' and 'actual or imminent, not conjectural or hypothetical."  *Id.* at 1548

11   (citations omitted).  A particularized injury "must affect the plaintiff in a personal and

12   individual way." *Id.*  A concrete injury "must be *'de facto';* that is, it must actually

13   exist." *Id.*  In *Spokeo*, the Supreme Court explained that the mere existence of a statutory

14   violation is not enough to establish a concrete injury:  "Congress' role in identifying and

15   elevating intangible harms does not mean that a plaintiff automatically satisfies the

16   injury-in-fact requirement whenever a statute grants a person a statutory right and

17   purports to authorize the person to sue to vindicate that right." *Id.* at 1549.  An allegation

18   of a bare procedural violation, "divorced from any concrete harm" does not "satisfy the

19   injury-in-fact requirement of Article III." *Id.*

20   In her response to the order to show cause Plaintiff argues that claims brought

21   under the TCPA are more than bare procedural violations.  In support, Plaintiff relies on a

22   number of cases that are not binding on this Court and who's reasoning it does not find

23   persuasive.  In *Krakauer v. Dish Network L.L.C.*, 168 F. Supp. 3d 843 (M.D.N.C. Aug. 5,

24   2016), the court held that telemarketing calls made in violation of the TCPA are more

25   than bare procedural violations.  The court explained that these types of calls "form

26   concrete injuries because unwarranted telemarketing calls are a disruptive and annoying

27   invasion of privacy."  Similarly, in *Booth v. Appstack, Inc.*, CASE NO. C13-1533JLR,

28   2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016), the court found that the time

2

1    wasted answering or otherwise addressing robocalls was sufficient to demonstrate a

2    "concrete injury as elucidated in *Spokeo.*"  Likewise, in *Aranda v. Caribbean Cruise*

3    *Line, Inc.,* Case No. 12C4069, 2016 WL 4439935, at * 5-6 (N.D. Ill. Aug. 23, 2016), the

4    court concluded that unsolicited telemarking calls by their nature invade the privacy and

5    disturb the solitude of their recipients thereby creating the concrete "*de facto*" injury

6    required to establish standing.  The court in *Mey v. Got Warranty, Inc.*, Civil Action No.

7    5:15-CV-101, 2016 WL 3645195, at *3 (N.D.W.V. June 30, 2016), found that unwanted

8    phone calls caused concrete harm and interpreted the TCPA "as merely liberalizing and

9    codifying the application of [a] common law tort to a particularly invasive type of

10   unwarranted telephone call."  Finally, Plaintiff cites to *A.D. v. Credit One Bank. N.A.,*

11   Case No. 14 C 10106, 2016 WL 4417077, at *7 (N.D. Ill. Aug. 19, 2016), where the

12   court held that unsolicited phone calls are an invasion of the recipient's privacy and

13   constitute an intangible, concrete harm.

14       Notably, Plaintiff's response fails to address or mention this Court's order in

15   *Romero v. Dept. Stores Nat'l Bank*, Case No.:15-CV-193-CAB-MDD, 2016 WL

16   4184099 (S.D. Cal. Aug. 5, 2016).  In *Romero*, plaintiff contended that defendants

17   violated the TCPA over 290 times, once for every time defendants allegedly called her

18   cell phone using an automated telephone dialing system ("ATDS") after she had revoked

19   her consent to call her cell phone.  *Id.* at *3.  Plaintiff argued that she had suffered the

20   additional injuries in fact of "invasion of privacy," "trespass to chattels," and "lost time,

21   aggravation, and distress."  *Id.* at *4.  As each alleged violation of the TCPA is a separate

22   claim, "for each call Plaintiff must establish an injury in fact as if that was the only TCPA

23   violation alleged in the complaint."  *Id.* at *3.  This Court found that "the mere dialing of

24   a cellular telephone number using an ATDS . . .  does not cause an injury to the

25   recipient."  *Id.* at *6.  Calls made to plaintiff's phone that she did not answer or was

26   unaware of were merely procedural violations that did not cause an injury in fact.  *Id.* at

27   *3-4.  Further, the Court held that even for the calls that Plaintiff heard ring or answered

28

1   she had not offered "evidence of a concrete injury caused by the use of an ATDS, as

2   opposed to a manually dialed call." *Id.* at *3.

3          The Court has not been persuaded to depart from its reasoning in *Romero*. Nothing

4   in Plaintiff's response addressed the Court's concerns that the complaint only makes bare

5   allegations of TCPA violations, but does not allege that each violation caused a concrete

6   and particularized injury to Plaintiff. Similar to the Plaintiff in *Romero,* Plaintiff argues

7   that the injuries she has suffered are injuries in fact sufficient to establish standing.

8   Specifically, Plaintiff alleges that she has suffered invasion of privacy and "intrusion

9   upon and occupation of the capacity of the consumer's cell phone" which she asserts is

10  analogous to the common law claim of trespass to chattels. But, "[i]nvasion of privacy

11  and trespass to chattels are torts, not injuries in and of themselves. Injury is merely an

12  element of these claims." *Id.* at *4.

13         Moreover, neither the response nor the complaint offers any evidence of a concrete

14  injury caused by the use of an automated telephone dialer system, as opposed to a

15  manually dialed call for the more than one hundred fifty calls that Plaintiff did not

16  answer. Plaintiff simply declares that it has been extremely frustrating and annoying

17  receiving the volume of unwarranted collection calls . . . Defendant's collection calls

18  distract me from what I am doing at the time of the call, completely waste my time, waste

19  my phone's battery and prevent me from answering other legitimate calls." [Doc. No. 7-

20  1, ¶ 9.] For each and every one of the calls that Plaintiff heard ring but did not answer,

21  she has not demonstrated that she suffered an injury in fact solely as a result of her

22  telephone ringing in that particular instance. As this Court noted in *Romero,* "[w]hen

23  someone owns a cell phone and leaves the ringer on, they necessarily expect the phone to

24  ring occasionally. Viewing each call in isolation, whether the phone rings as a result of a

25  call from a family member, a call from an employer, a manually dialed call from a

26  creditor, or an ATDS dialed call from a creditor," any frustration, annoyance, waste of

27  time, waste of phone battery and inability to answer other calls is the same. *Romero,*

28  2016 WL 4184099, *4.

1    Similarly, for the calls that Plaintiff answered, the response to the order to show

2  cause and the complaint offer no evidence of a concrete injury caused by the use of an

3  automated telephone dialer system, as opposed to a manually dialed call.  Thus "Plaintiff

4  has not offered any evidence demonstrating that Defendants" use of an ATDS to dial her

5  number caused her greater" frustration, annoyance, waste of time, waste of phone battery

6  and inability to answer other calls "than she would have suffered had the calls she

7  answered been dialed manually, which would not have violated the TCPA."  *Id.* at *5.

8    Without any allegations of injury caused by the statutory violations, the Court finds

9  that Plaintiff lacks standing under Article III for her TCPA claims.  Accordingly, it is

10  hereby **ORDERED** that this action is **DISMISSED**.

11    **IT IS SO ORDERED**.

12  Dated:  October 11, 2016

13

14    Hon. Cathy Ann Bencivengo
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-cv-1458-CAB(BGS)